UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE MOSES ADKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 0815 |
| ) | |
| ROGER WALKER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Willie Moses Adkins, an inmate at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants violated his constitutional rights by being deliberately indifferent to his serious medical needs. Presently before the Court are Defendants' motions to dismiss and Plaintiff's motion for a preliminary injunction.

A reading of the amended complaint supports the following summary of the alleged operative conduct of the parties:

Plaintiff is incarcerated at Stateville Correctional Center and has received dialysis since April 1993. On December 30, 2007, Plaintiff asked Julie Lowman, a dialysis nurse, why the blood flow was at 500 as opposed to the required 800 which allows for better blood clearance. Nurse Lowman told Plaintiff that Chardonnay Dialysis, Inc. or the Illinois Department of Corrections had not fixed the R.O. gauge. Plaintiff later "became sick."

Plaintiff normally receives dialysis Tuesdays. However, on February 26, 2008, a Tuesday, Plaintiff also had an appointment with a cardiologist. Plaintiff was required to choose whether to

receive dialysis or see the cardiologist. Plaintiff chose to see the cardiologist because his appointment was "overdue." Plaintiff became sick and did not see the cardiologist until 4:00 p.m.

On March 1, 2008, Plaintiff again asked Nurse Lowman why the dialysis machine blood flow was set at 500 instead of 800. Nurse Lowman stated that the R.O. gauge had still not been fixed. During the dialysis, Plaintiff complained to Nurse Lowman that he felt nauseated and light-headed. Nurse Lowman became irritated and ordered security to remove Plaintiff from his dialysis. As a result, Plaintiff became "very sick."

Defendants Roger Walker, Terry McCann, Carol Vance, and Mark Hosey (hereinafter, the Administrative Defendants) have moved for dismissal for failure to state a claim upon which can be granted.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). A complaint can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, ___, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson*, 362 F.3d at 971.

2

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 127 S.Ct. at 1964 -65 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.*, 127 S.Ct. at 1955 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 127 S.Ct. at 1973-74 & n.14. Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

The Administrative Defendants move to dismiss the claims brought against them, arguing that Plaintiff has failed to sufficiently plead that they caused or participated in the alleged constitutional violation.

Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. For a supervisor, the personnel responsibility requirement of Section 1983 for an official is satisfied if the conduct causing the constitutional violation occurs at the supervisors direction or with his knowledge and consent. *See Hildebrandt v. Illiniois Dep't of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). The supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some casual connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery." *Hildebrandt*, 347 F.3d at 1039 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

In the instant case, other than the caption of Plaintiff's amended complaint, Plaintiff fails to name, let alone make any allegations against, any of the Administrative Defendants. In his response to the motion to dismiss, Plaintiff argues that the claims against the Administrative Defendants should not be dismissed because of their respective responsibilities that come with their positions at Stateville. Plaintiff's argument is without merit. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation). Thus, the Administrative Defendants' motion to dismiss is granted.

4

Defendants Chardonnay Dialysis, Inc. and Donna Combs also move to dismiss the claims against them for failure to state a claim upon which relief can be granted.

Plaintiff's only "allegation" against Combs is that she has an ownership interest in Chardonnay. Plaintiff makes no allegations that Combs was involved in the alleged constitutional deprivation. Accordingly, Plaintiff has failed to state a claim against Combs.

Chardonnay argues that Plaintiff has failed to allege the deprivation of a constitutional right or that Chardonnay was acting under color of state law.

At this stage of the proceedings, Plaintiff has sufficiently pled a deprivation of a constitutional right – a claim for deliberate indifference to a serious medical need. Furthermore, Plaintiff has sufficiently pled that Chardonnay provided the dialysis for Stateville prisoners and was responsible for repairing/maintaining the equipment, including the R.O. gauge. As such, Plaintiff has sufficiently pled that Chardonnay was acting as a state actor for Section 1983 liability. *See West v. Atkins*, 487 U.S. 42, 50-58 (1988) (private entity acting under contract with state to provide medical services to prisoners was a state actor within meaning of Section 1983). Accordingly, Chardonnay is not dismissed from the suit.

Plaintiff seeks a preliminary injunction, asking the Court to order Stateville to provide him adequate dialysis treatment.

A party seeking a preliminary injunction must demonstrate: (1) no adequate remedy at law exists, (2) he will suffer irreparable harm if the injunction is not granted, (3) he has a reasonable likelihood of success on the merits of the underlying claim, (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the injunction

is granted, and (5) the injunction will not harm the public interest. *Kiel v. City of Kenosha*, 236 F.3d 814, 815-16 (7th Cir. 2000).

Defendants first argue that Plaintiff has failed to demonstrate that he has a reasonable likelihood of success on the merits of his underlying claim.

Here, Plaintiff alleges that Defendants have been deliberately indifferent to his serious medical needs by not repairing a R.O. gauge on the dialysis equipment during two of his dialysis treatments. In his motion for a preliminary injunction Plaintiff also asks that the Court order that Defendants provide sanitary conditions of the treatment site and equipment.

A claim for deliberate indifference to a serious medical need requires that the defendant was actually aware of a serious medical risk but failed to take any action. See *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 703 (7th Cir. 2004). The claim includes both an objective and subjective component. See *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The objective component requires the prisoner demonstrate that his medical condition was "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted); *Greeno*, 414 F.3d at 653. A serious medical condition includes one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a physician's attention. *Greeno*, 414 F.3d at 653. To satisfy the subjective prong, a plaintiff must allege that the defendant was aware of and consciously disregarded the inmate's medical needs. See *Farmer*, 511 U.S. at 837; *see also Greeno*, 414 F.3d at 653. The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly

6

inappropriate" treatment, *Greeno*, 414 F.3d at 654 (emphasis in original), or by "woefully inadequate action" as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999).

While Plaintiff's need for dialysis sufficiently pleads that he has a serious medical need, Plaintiff has not demonstrated that he is likely to succeed on his claim. In their opposition to Plaintiff's motion, Defendants have provided copies of Plaintiff's relevant medical records. The medical records demonstrate that Plaintiff receives dialysis treatments three times per week. The records demonstrate that Plaintiff's skin in the area of the dialysis needle is cleaned with alcohol, and that after the dialysis treatment is finished, the site is dressed with Band-aids. The medical records do not indicate that there have been any problems with the dialysis equipment or complaints by Plaintiff regarding the equipment. Other than the two incidents included in Plaintiff's amended complaint, Plaintiff does not indicate that the gauges have not been repaired or are not functioning properly and he provides no evidence of any further complaints about the equipment or methodology.

Nor has Plaintiff demonstrated that, absent injunctive relief, he will suffer irreparable harm. As discussed above, Plaintiff has failed to demonstrate that the problem with the R.O. gauge has not been corrected and he provides no evidence of any other complaints or issues. Furthermore, contrary to Plaintiff's allegations that the twice incorrect flow rate or faulty gauge is a threat to his serious medical needs, Plaintiff's medical records show that, against the advice of his physician and nursing staff, Plaintiff has repeatedly discontinued his dialysis treatment before the prescribed time and has refused treatment, in its entirety, at least twice.

Based on the above, Plaintiff's motion for a preliminary injunction is denied.

IT IS THEREFORE ORDERED that Defendants Roger Walker, Terry McCann, Carol Vance, and Mark Hosey's motion to dismiss is granted. Defendants Roger Walker, Terry McCann, Carol Vance, and Mark Hosey are terminated as defendants pursuant to Fed. R. Civ. P. 12(b)(6).

IT IS ALSO ORDERED that the Defendants Chardonnay Dialysis, Inc. and Donna Combs' motion to dismiss is granted in part and denied in part. Defendant Donna Combs is terminated as a defendant pursuant to Fed. R. Civ. P. 12(b)(6). The motion to dismiss is denied as to Chardonnay.

IT IS FURTHER ORDERED that Plaintiff's motion for a preliminary injunction is denied.

Enter: _____
Charles R. Norgle
United States District Judge

Date: 8/28/08